

**STATE OF TEXAS**
**OFFICE OF THE GOVERNOR**
**AUSTIN, TEXAS 78711**

ANN W. RICHARDS
GOVERNOR

May 6, 1991

Deborah L. McFadden, Commissioner
Administration on Developmental Disabilities
U.S. Department on Health and Human Services
Office of Human Development Services
200 Independence Avenue, S.W.
Washington, D.C. 20201

Dear Ms. McFadden:

Enclosed are the Assurances required to ensure the continuation of the Texas Developmental Disabilities Protection and Advocacy System. Advocacy, Inc. continues to be the grantee for these funds in Texas.

Sincerely,

Ann W. Richards
ANN W. RICHARDS

DEPARTMENT OF HEALTH AND HUMAN SERVICES
Office of Human Development Services
Administration on Developmental Disabilities
200 Independence Avenue, S.W.
Washington, D.C. 20201

Protection and Advocacy System Assurances

State: _Texas_

P&A Agency: _Advocacy, Incorporated_

[ ] Public Agency          [X] Other _(non-profit organization)_

P&A Agency Address:        Address where grant award is to be mailed:

_Advocacy, Inc._            _same address_

_7800 Shoal Creek Blvd., Suite 171-E_   _Attn: Melissa Vickers_

_Austin, TX 78757_          _Chief Fiscal Officer_

Telephone: _(512) 454-4816_   Telephone: _(same)_

_[signature: Ann W. Richards]_ Date: _4/6/91_

Chief Executive Officer or
Designated State Official

Attachment A: Protection and Advocacy System Assurances

## ASSURANCE OF THE GOVERNOR

"I hereby assure that ___Advocacy, Incorporated___
                          Name of State P&A System

is the agency designated by my office to carry out activities under Part C of The Developmental Disabilities Assistance and Bill of Rights Act, as amended, Public Law 101-496, and The Protection and Advocacy for Individuals with Mental Illness Act, Public Law 99-319, as amended, and that this agency will operate consistent with all of the requirements of these Acts.

___[signature]___                    ___12-10-91___
(Signature of Governor)              Date

___Ann Richards___
TYPED NAME OF GOVERNOR

___Texas___
NAME OF STATE

## STATEMENT OF ASSURANCES

P&A AGENCY ____Advocacy, Incorporated_____

STATE _____Texas_____

Assurance is hereby given that the applicant P&A, and any organization with which it contracts to perform the duties and functions mandated under P.L. 99-319:

    A. is independent of any agency which provides treatment or services (other than advocacy services) to individuals with mental illness;

    B. has the capacity to protect and advocate the rights of individuals with mental illness; and

    C. has a staff which is trained or being trained to provide advocacy services to individuals with mental illness, and to work with family members of clients served by the system where the individuals with mental illness are
        (1) minors, or
        (2) legally competent and do not object, or
        (3) legally incompetent and the legal guardians, conservators, or other legal representatives are family members.

    D. has the authority to investigate incidents of abuse and neglect of individuals, and to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness, (including persons who have died or whose whereabouts are unknown),
        (1) who are receiving care or treatment in residential facilities, including, but not limited to hospitals, nursing homes, community facilities, board and care homes, and homeless shelters, and prison forensic units;
        (2) who are involuntarily confined to municipal detention facilities or jails for reasons other than serving a sentence resulting from conviction for a criminal offense;
        (3) who are in the process of being admitted or transported to such a facility; and
        (4) who are residents of Federal facilities, except that P&A systems are accorded only those rights and authority accorded other representatives of residents of such facilities pursuant to State law and other Federal laws.

STATEMENT OF ASSURANCES   (2)

E. has the authority to pursue administrative, legal, and other remedies on behalf of an individual who
    (1) was a mentally ill individual; and
    (2) is a resident of the State, but only with respect to matters which occur within 90 days after the date of discharge of such individual from a facility providing care or treatment.

F. has access to the facilities described under D. above.

G. has access, in accordance with Section 106 of the Act, to all records of
    (1) any individual who is a client of the system if such individual, or the legal guardian, conservator, or other legal representative of such individual, has authorized the system to have such access;
    (2) any individual (including an individual who has died or whose whereabouts are unknown)
        (a) who by reason of the mental or physical condition of such individual is unable to authorize the system to have such access;
        (b) who does not have a legal guardian, conservator, or other legal representative, or for whom the legal guardian is the State; and
        (c) with respect to whom a complaint has been received by the system or with respect to whom, as a result of monitoring or other activities (either of which result from a complaint or other evidence), there is probable cause to believe that such individual has been subject to abuse or neglect; and
    (3) any individual with a mental illness, who has a legal guardian, conservator, or other legal representative, with respect to whom a complaint has been received by the system, or with respect to whom there is probable cause to believe the health or safety of the individual is in serious and immediate jeopardy, whenever -
        (a) such representative has been contacted by such system upon receipt of the name and address of such representative;
        (b) such system has offered assistance to such representative to resolve the situation; and
        (c) such representative has failed or refused to act on behalf of the individual.

STATEMENT OF ASSURANCES (3)

H. will maintain the confidentiality of all records which, under Federal or State law, are required to be maintained in a confidential manner, to the same extent as is required of the provider of mental health services; and

will comply with applicable regulations concerning <u>Confidentiality of Alcohol and Drug Abuse Patient Records</u> (42 CFR part 2). [These regulations are applicable to any information about alcohol and other drug abuse patients obtained by a "program" (42 CFR 2.11) if the program is federally assisted in any manner (42 CFR 2.12(b). This means that all project patient records are confidential and may be disclosed and used only in accordance with 42 CFR part 2].

I. will abide by all requirements concerning the disclosure of information contained in records to which they have access, in accordance with the provisions of Sections 106(b) of the Act.

J. has an arrangement with the Secretary and the agency of the State which administers the State plan under title XIX of the Social Security Act [42 U.S.C.A. 1396 et seq.] for the furnishing, within 30 days after its completion, a copy of each annual survey report and plan of corrections for cited deficiencies made pursuant to titles XVIII and XIX with respect to any facility rendering care or treatment to individuals with mental illness in the State in which such system is located.

K. will not take actions which are duplicative of actions taken on behalf of individuals by their own legal guardians, conservators, or representatives other than the State, except when its assistance is requested by said guardians, conservators, or representatives.

L. shall, prior to instituting any legal action in a Federal or State court on behalf of an individual with mental illness, the P&A, or any agency or organization with which it has entered into a contract, exhaust in a timely manner all administrative remedies where appropriate. Only when the system, agency, or organization determines that the matter will not be resolved within a reasonable time, will it pursue alternative remedies, including the initiation of a legal action. These strictures do not apply to any legal action instituted to prevent or eliminate imminent serious harm to an individual with mental illness.

STATEMENT OF ASSURANCES   (4)

M. has a governing authority which is responsible
   (1) for the planning, design, implementation, and functioning of the system; and
   (2) for jointly developing the annual priorities of the system with the advisory council.

N. shall, if the governing authority is a multi-member governing board, select the membership of such board according to the policies and procedures of the system, except that:
   (1) it shall be composed of members who broadly represent or are knowledgeable about the needs of the clients served by the system, (such term to be construed to include individuals who have received or are receiving mental health services and family members of such individuals);
   (2) not more than one-third of its membership may be appointed by the chief executive officer of the State, where such officer has the authority to appoint the membership of the board; and
   (3) any vacancy shall be filled not later than 60 days after the date on which the vacancy occurs.

O. has established an advisory council which advises the system on policies and priorities to be carried out in protecting and advocating the rights of individuals with mental illness. Such advisory council shall be chaired by an individual who has received or is receiving mental health services, or who is a family member of such an individual. Advisory council membership shall include attorneys, mental health professionals, individuals from the public who are knowledgeable about mental illness, a provider of mental health service but at least 60 percent of the membership shall be comprised of individuals who have received or are receiving mental health services and family members of such individuals.

P. will provide to the public, especially individuals with mental illness and their families, an annual opportunity to comment on the priorities established by, and the activities of, the system.

Q. will establish a grievance procedure for clients or prospective clients of the system to assure that individuals with mental illness have full access to services of the system, and for individuals who have received or are receiving mental health services, family members of such individuals, or representatives of such individuals or family members, to assure that the eligible system is operating in compliance with the provisions of the Act.

STATEMENT OF ASSURANCES   (5)

R. will use any monies received through court judgments only for activities to further the goals of the Act, and not to augment payments to legal contractors or to award personal bonuses.

S. will use the Federal P&A allotments received to supplement and not to supplant the level of non-Federal funds available in the State for protection and advocacy activities on behalf of individuals with mental illness.

T. will recognize the priority of the Federal requirement for access to records of individuals with mental illness over State laws prohibiting such access. (The term "records" includes, but is not necessarily limited to: reports prepared or received by any staff of a facility rendering care and treatment, or reports prepared by an agency charged with investigating reports of incidents of abuse, neglect, and injury occurring at such facility that describes incidents of abuse, neglect, and injury occurring at such facility and the steps taken to investigate such incidents, and discharge planning records).

U. will not be precluded from bringing a suit on behalf of individuals with mental illness against the State or agencies or instrumentalities of the State.

V. will not be redesignated unless:
   (1) there is good cause for the redesignation;
   (2) notice has been given of the intention to make such redesignation to the agency that is serving as the system including the good cause for such redesignation;
   (3) the agency has been given an opportunity to respond to the assertion that good cause has been shown;
   (4) timely notice and an opportunity in an accessible format has been given to persons with mental illness and their families to comment; and
   (5) the system has the opportunity to appeal to the Secretary that the redesignation was not for good cause.

_____  Date December 10, 1991
Signature of Executive Director

James E. Comstock-Galagan
TYPED NAME OF EXECUTIVE DIRECTOR



Central Office – Legal Services Unit
7800 Shoal Creek Blvd., Suite 171-E
Austin, Texas 78757
V/TDD 512.454.4816
Toll Free 1.800.252.9108
Fax 512.454.3999
www.advocacyinc.org

April 5, 2007

<u>Certified Mail 7005 2570 0002 2377 5671</u>

W.H. Lowry, Ph.D, Superintendent
Mexia State School
600 N. Highway 171
Mexia, TX 76667

RE: Ruben Gonzalez

Dear Dr. Lowry:

I am writing to request records and information related to the death of Ruben Gonzalez, which occurred on January 15, 2007 during or shortly following a restraint episode.

Advocacy, Inc. is the federally mandated Protection and Advocacy System (P&A) for the State of Texas. As the federally mandated P&A we have broad federal authority to advocate for the rights of individuals with disabilities in this state and to investigate allegations of abuse and neglect when such incidents are reported to us or when we determine that there is probable cause to suspect that abuse or neglect has occurred. A report of a death of an individual in connection with the use of restraints amounts to both a "complaint" and "probable cause" within the meaning of the statutes authorizing a P&A System to act.

The federal protection and advocacy laws also authorize this office to access a broad array of records and information related to deaths and other serious incidents involving individuals with disabilities. Our authority to investigate and access information related to deaths, such as Ruben's, may be found in federal statutes and regulations. As the P&A System, this office is the final arbiter regarding a determination of probable cause for purposes of triggering our authority to access records. Consent for release of such records to the P&A is not required following the death of an individual where, as here, the manner of the death provides probable cause to suspect the potential for abuse or neglect and any guardianship which existed previously has been terminated by virtue of the individual's death. *See*: Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. §10805 and 42 CFR §51.41(c); The Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. §15043 and 45 CFR §1386.22(c); The Protection and Advocacy for Individual Rights Program of the Rehabilitation Act, 29 U.S.C. §794e; *Alabama Disabilties Advocacy Program v. J.S. Tarwater Developmental Center*, 97 F.3d 492 (11th Cir. 1996); *Arizona Center for Disability Law v. Allen*, 197 F.R.D. 689, 693 (D. Ariz. 2000).

The same statutes and regulations as cited above authorize this office to access reports prepared by facilities following an investigation of the death that describe the incident, the steps taken to investigate and the information relied upon in making the report. *Iowa Protection and Advocacy Services, Inc. v. Rasmussen*, 206 F.R.D. 630, (S.D. Iowa 2002). The P&A's authority to access documents also extends to peer review records. *See Prot. & Advocacy for Persons with Disabilities v.*

*Mental Health & Addiction* Servs, 448 F.3d 119 (2nd Cir. 2006); *Center for Legal Advocacy v. Hammons*, 323 F.3d 1262 (10th Cir. 2003); *Pennsylvania Protection and Advocacy, Inc. v. Houstoun*, 228 F.3d 423 (3d Cir. 2000). Moreover,

P&As are entitled to access records regarding a person who has died within 24 hours of a written request. 42 U.S.C. §15043(a)(2)(J)(ii).

Accordingly, we request that you provide copies to us of the following records:

1. Investigation reports concerning the death of Ruben Gonzalez, including any reports that may be considered to be "peer review" or "quality assurance" records, along with related records or documents reviewed or relied upon in reaching the conclusions and findings concerning the death;

2. Behavioral Therapy Program progress notes and Behavioral Incident Reports from 6/14/06-1/15/07 for Ruben Gonzalez;

3. All Behavioral Support Plans for Ruben Gonzalez; any and all documentation indicating any and all notes, literature, documents relied on in developing Ruben's Behavioral Support Plans; as well as any and all information and records that the behavior therapy program was reviewed and approved by: a) the individual's IDT; b) the state MR facility's HRC; and c) the state MR facility's behavior therapy committee;

4. All of the following records for Ruben Gonzalez from 6/14/06-1/15/07:
    Psychological assessments and progress notes;
    Psychiatric assessments and progress notes;
    Physical assessments;
    Nurse assessments and progress notes; and
    Physician assessment and progress notes;

5. Records of medications administered to Ruben Gonzalez during the seven days prior to the restraint and during the restraint episode;

6. Mexia State School Reports submitted to DADS for the time period of 1/1/06-1/1/07 in accordance with 40 T.A.C. §5.409, detailing the implementation of behavior therapy programs that utilize highly restrictive procedures; and

7. Training records for Charles Korn, Laquita Rene Martin, Sheri Thornton, Kennon Chase Simmons, and Joel Thomas that indicate they received training and demonstrated competencies in the specific procedures required by Ruben Gonzalez's behavior therapy program.

Please produce the records and information within three business days.

Thank you for your time and attention to this matter.

Sincerely,

Beth Mitchell



**ADVOCACY INCORPORATED**

*Protection and Advocacy for Texans with Disabilities*

Laredo Satellite Office
1702 Convent
Laredo, Texas 78040
Voice/Tdd: 956.722.7581
Fax: 956.722.1015
Intake: 800.880.8401
infoai@advocacyinc.org
www.advocacyinc.org

July 10, 2007                                  VIA FACSIMILE NO: 361-844-7910

Corpus Christi State School
Attn: Mr. Alberto Barrera
902 Airport Road
Corpus Christi, Texas 78405

Re: Ms. Amy Powell

Dear Mr. Barrera:

The purpose of this letter is to request copies of any and all the investigative reports( in its entirety) conducted internally regarding the death of Ms. Amy Powell, who died on or about May 30, 2007 while under the care and supervision of Corpus Christi State School staff. Advocacy, Inc. is conducting an investigation into the circumstances surrounding Ms. Powell's death. Thus, Please submit the requested reports within five working days from the date this request is received to the address listed in the letterhead.

As you are aware, Advocacy, Incorporated (**AI**), is the federally mandated and Texas designated Protection and Advocacy ( **P&A**) System that protects and defends the rights of people with disabilities. Under federal law, AI has the authority to investigate allegations of abuse and neglect involving people with disabilities if the incident is reported to AI or if AI determines that there is probable cause that the incident occurred. AI's authority is found in three federal statutes: The Protection and Advocacy of Individuals with Developmental Disabilities( "PADD"), 42 U.S.C.§ 15043 et seq. (""DD Act"); The Protection and Advocacy of Individual Rights ("PAIR") Act, 29 U.S.C.§§ 794e et seq. and The Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. §§ 10801 et seq. These three federal statutes individually authorize Protection and Advocacy (" P&A") agencies such as AI to provide legal advocacy services on behalf of different populations of persons with disabilities and to investigate allegations of abuse and neglect of such persons. AI suspects neglectful care and supervision of Ms. Powell that resulted in her death by alleged suicide. Therefore, AI can establish probable cause to pursue this investigation.

In addition, please do not hesitate in contacting me if any questions or concerns regarding this request arise. You may contact me at (956) 722-7581 or via my Electronic Mail Address: mescamilla@advocacyinc.org. If any questions or concerns pertaining to AI's federal access



authority arise, please contact Beth Mitchell, Senior Managing Attorney for the agency's Legal Services and Death Investigations Unit at (512) 454-4816. I thank you in advance for your assistance and cooperation with this very important matter.

Sincerely,
***ADVOCACY, INCORPORATED***

Martin D. Escamilla, M.A.
Advocate/ Investigator
Death Investigations Unit

# Beth Mitchell

| | |
|---|---|
| **From:** | Beth Mitchell |
| **Sent:** | Wednesday, August 08, 2007 2:14 PM |
| **To:** | 'Johnson,Kent W' |
| **Cc:** | 'lorri.haden@dads.state.tx.us' |
| **Subject:** | Peer Review |
| **Importance:** | High |
| **Attachments:** | DIU.Amy Powell.CCSS.internal investigative reports request.wpd |

| **Tracking:** | **Recipient** | **Delivery** |
|---|---|---|
| | 'Johnson,Kent W' | |
| | 'lorri.haden@dads.state.tx.us' | |
| | Beth Mitchell | Delivered: 8/8/2007 2:14 PM |
| | Garth Corbett | Delivered: 8/8/2007 2:14 PM |

Kent,

We have previously talked about Advocacy's authority to access peer review documents of individuals it has probable cause to believe were abused or neglected. It is my understanding that it is DADS policy that it will not release state school peer review materials to Advocacy? I want to confirm that this is still DADS policy on the issue of releasing peer review materials to Advocacy? If this is not an accurate understanding of the DADS policy, and before I file a lawsuit challenging this policy, I would appreciate clarification.

Additionally, this email is also a formal request to DADS for the peer review documents related to the death of Ruben Gonzalez. Advocacy, Incorporated continues to investigate the circumstances surrounding Mr. Gonzalez's death and the peer review documents are very important to our investigation. This request is being made under Advocacy's federal mandates including but not limited to the Protection and Advocacy for Developmental Disabilities Act( PADD), 42 U.S.C. § 15001 et seq. ( DD Act).

Finally, I am making a formal request to DADS for any peer review documents related to the suicide of Amy Powell on or about May 30, 2007. Advocacy has probable cause to believe that her suicide was due to the negligent care and supervision of staff from the Corpus Christi State School. This request is being made under Advocacy's federal mandates including but not limited to the Protection and Advocacy for Developmental Disabilities Act( PADD), 42 U.S.C. § 15001 et seq. ( DD Act). This is actually a second request for these documents. I have attached a letter from Advocacy that had previously been sent to Mr. Alberto Barrera, CCSS Superintendent, seeking records and peer review documents related to the death of Amy Powell. Although, Mr. Escamilla was provided with several records related to Ms. Powell's death, (which we appreciate), he did not receive any peer review documents nor was he provided with a reason why peer review documents were not provided.

I would appreciate a response and/or the requested documents no later than August 27, 2007. Thank you for your time and attention to this matter.

Sincerely,



**ADVOCACY INCORPORATED**
Beth Mitchell          Advocacy, Inc.
Senior Managing Attorney     7800 Shoal
                              Creek Blvd.

1/22/2008



**Beth Mitchell**

**From:** Johnson,Kent W [kent.johnson@dads.state.tx.us]
**Sent:** Thursday, August 30, 2007 1:55 PM
**To:** Beth Mitchell
**Cc:** Haden,Lorri
**Subject:** RE: Peer Review

Beth-

The agency's position on the release of peer review documents to Advocacy remains unchanged. For that reason, your request, dated August 8, 2007, for such documents relating to the deaths of the resident of the MSS and the resident of the CCSS is denied.

In addition, your request, dated August 17, 2007, for such documents relating to the death of the DSS resident is denied. I will, however, obtain the FPS report relating to the DSS death and send it to you.

**From:** Beth Mitchell [mailto:bmitchell@Advocacyinc.org]
**Sent:** Wednesday, August 08, 2007 2:14 PM
**To:** Johnson,Kent W
**Cc:** lorri.haden@dads.state.tx.us
**Subject:** Peer Review
**Importance:** High

1/22/2008

