IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADVOCACY, INCORPORATED, | § § | |
| Plaintiff, | § § | |
| vs. | § § | **A08CA071 LY** |
| | § | CIVIL ACTION NO._____ |
| ADELAIDE HORN, in her official capacity as the Commissioner of the Texas Department of Aging and Disability Services, | § § § § § | |
| Defendant. | § | |

**ORDER FOR PRELIMINARY INJUNCTION**

After considering Plaintiff, Advocacy, Inc.'s, Motion for Preliminary Injunction and Memorandum of Law in Support, the response, the reply, exhibits, and affidavits, the Court finds as follows:

Defendants will continue to engage in activities infringing on Plaintiff's ability to adequately fulfill its statutory obligations to protect and advocate on behalf of residents at the Department of Aging and Disability Services (DADS) state schools and to investigate complaints of alleged abuse or neglect of DADS state schools under the Protection and Advocacy for Mentally Ill Individuals Act ("PAIMI Act"), 42 U.S.C. § 10801, *et seq;* the Developmental Disabilities Assistance and Bill of Rights Act ("PADD Act"), 42 U.S.C. §§ 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e(a).

If the Court does not order Defendant to be enjoined from continuing to deny Advocacy from having access to peer review and death review reports prepared by DADS state school staff into R.G. and A.P.'s deaths, Plaintiff Advocacy will suffer irreparable injury as it will be unable to fulfill its statutory duty of investigating suspected incidents of abuse and neglect.

The injury is irreparable because it will pose a very real threat to the Plaintiff being able to discharge its statutory obligation to investigate the alleged abuse and neglect of R.G. and A.P.'s death, and to determine if appropriate corrective measures were taken to protect other state school residents.

Defendants will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction.

For these reasons, the court ORDERS that Defendant, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them, are restrained from:

a) violating the PADD and PAIMI Acts; and

b) denying Advocacy immediate access to any death review reports, peer review reports and/or other internal investigational materials pertaining to R.G. and A.P.'s death, so that Plaintiff, Advocacy, may review and copy the same.

The court further ORDERS that since the Defendant will suffer no harm, pecuniary or otherwise, the Plaintiff is not required to post a bond.

SIGNED on this _____ day of _____, 2008.

_____
U.S. DISTRICT JUDGE